IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH NESSER and KAREN NESSER, | |
| Plaintiffs, | |
| vs. | Case No. 14-cv-1367-SMY-SCW |
| ADVANCED COMPOSITES GROUP, et al., | |
| Defendant. | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand (Doc. 111) in which Plaintiffs allege that Defendants failed to meet their burden in removing this action under federal officer removal jurisdiction.  Defendant United Technologies Corporation ("UTC") filed a Response in Opposition (Doc. 177) and Defendant The Boeing Company joined in that opposition (Doc. 188).   For the following reasons, Plaintiff's Motion to Remand is **DENIED**.

Plaintiffs originally filed their Complaint in the Third Judicial Circuit, Madison County, Illinois alleging injury due to exposure to asbestos.  Defendant UTC removed the action to this Court pursuant to the provisions of 28 U.S.C. 1442(a)(1), which establishes that civil actions may be removed by federal officers or any persons acting under a federal officer for any act under color of such office where such person asserts a colorable defense.  28 U.S.C. 1442(a)(1); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012).

In support of their Motion for Remand, Plaintiffs cite to the United States Supreme Court decision in *Boyle v. United Technologies* and assert that *Boyle* requires government contractor defendants removing an action to federal court prove a "significant conflict" between federal contractual duties and the state tort law duty to warn end-users of asbestos hazards.  487 U.S.

500 (1988). Plaintiffs further argue that the Seventh Circuit's decision in *Rupple v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012)—the case on which Defendant UTC relies—was wrongly decided because it circumvents the *Boyle* requirement of establishing a "significant conflict." Plaintiffs, however, have failed to persuade this Court to contravene binding Seventh Circuit precedent that has been upheld in the Southern District of Illinois since 2012. That precedent, *Ruppel*, states that where the *Boyle* tests are satisfied, the "conflict" is inherent.

Plaintiffs do not argue that UTC fails to meet the requirement that defendant be a person acting under a federal officer under 28 U.S.C. 1442(a)(1). Instead, Plaintiffs argue only a lack of evidence on the colorable federal defense portion of the statute as articulated by *Mesa v. California*, 489 U.S. 121, 133 (1989). In particular, Plaintiffs content that UTC has no colorable defense under *Boyle* for its alleged failure to warn about asbestos dangers. Plaintiffs do not, however, raise the issue of whether UTC has a colorable defense for their use-of-asbestos claim against UTC.

If UTC has a colorable defense as to either claim, the entire case is removable. *Ruppel*, 701 F.3d at 1182 (citing 28 U.S.C. § 1367). In this case, UTC has presented evidence to establish a colorable defense to the use-of-asbestos claim. Aside from arguing that the Seventh Circuit standards are wrong, Plaintiffs have not addressed the specific elements of a that defense. Thus, if UTC can establish a colorable defense as to this claim, the case was properly removed.

*Boyle* requires a government contractor defendant to establish three required elements for a colorable defense on a use-of-asbestos claim —namely, (1) that the United States approved reasonably precise specifications, (2) that the equipment conformed to those specifications, and (3) that the supplier warned the United States about the dangers in the use of the product that were known to the supplier but not known to the United States. 487 U.S. at 511-12.

As to the first element, UTC submitted with its Notice of Removal (Doc. 2) a Declaration of Allan J. Shiffler, a retired engineer who worked in the development and manufacture of Pratt & Whitney engines for the United States military.[1]  (See Doc. 2-4, Exhibit C.)  Shiffler details his familiarity with these engines and the manner in which these engines were designed, built and supplied to the military as well as the system for submission and approval by the military. Further, Shiffler attests the level of supervision, control and approval by the military, including the United States Air Force, of the design and manufacture of Pratt & Whitney aircraft engines. Based upon Shiffler's affidavit, the Court finds that the military approved reasonably precise specifications for the aircraft engines designed and manufactured by Pratt & Whitney as a division of UTC.

As to the second element, Shiffler's affidavit states that any engines that did not meet the Air Force's standards and specifications were rejected by the Air Force.  This declaration was based on Shiffler's personal experience, including regular interactions with Air Force representatives.  Based on these representations, the Court is persuaded that UTC has met the second element of the *Boyle* test for use-of-asbestos claims.

The third element is that the contractor who supplied the equipment warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.  Here, UTC offers the Declaration of William P. Ringo, a Certified Industrial Hygienist, Safety Professional and Senior Consultant who specializes in the evaluation and control of workplace exposure to potentially hazardous chemicals, including asbestos, and has reviewed extensively the industrial hygiene literature.  (See Doc. 2-5, Exhibit D.)  Ringo states there have never been any published articles suggesting that aircraft mechanics or persons

---

[1] Pratt & Whitney, according to UTC filings, designs and manufactures aircraft engines as an unincorporated division of UTC.

working in the vicinity of aircraft mechanics are at an increased risk of asbestos-related disease from work on aircraft engines, nor are they epidemiological studies suggesting an increased risk. Based on his background, experience and training, Ringo declares that there is no reason to suspect that a manufacturer or designer of aircraft engines would have considered that asbestos-containing materials presented a health hazard to employees working on aircraft engines. Ringo further declares that the United States government, on the other hand, conducted their own studies as to asbestos-related health risks and had knowledge of potential health hazards. Based upon Ringo's affidavit, the Court finds that UTC meets the third element of the *Boyle* test. As UTC has asserted a colorable defense as to the use-of-asbestos claim asserted by Plaintiffs under the test established by *Boyle*, the Court need not determine whether UTC also has a colorable defense as to the failure-to-warn claim. Accordingly Plaintiffs' Motion to Remand is **DENIED**.

The Boeing Company's Motion to Supplement Its Response to Plaintiff's Motion for Remand (Doc. 214) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATE: April 14, 2015**               s/ Staci M. Yandle
                                       STACI M. YANDLE
                                       DISTRICT JUDGE